United States District Court
Southern District of Texas

**ENTERED**

December 11, 2020

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. LOHR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3399 |
| | § | |
| EXPRESS JET AIRLINES, INC., | § | |
|     Defendant. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion for Default Judgment ("Motion") [Doc. # 7] filed by Plaintiff Michael J. Lohr, *pro se*.  In support of his Motion, Lohr states that he served Defendant Express Jet Airlines, Inc. by "First Class Priority Mail," and he has submitted United States Postal Service tracking information that reflects delivery of an item to an unidentified individual at the address on the item. *See* Tracking Information [Doc. # 6].  Because Plaintiff's documentation does not establish proper service under Rule 4 of the Federal Rules of Civil Procedure, the Motion is **denied**.

Proper service of process "is a jurisdictional prerequisite to the entry of a default judgment."  *See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. June 8, 2015) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)).  The Federal Rules of Civil Procedure provide for

service on a corporation, partnership or association either (1) in the manner prescribed by state law, or (2) by delivering a copy of the summons and complaint to an authorized officer or agent.  *See* FED. R. CIV. P. 4(h).  Texas law provides that service may be made either in person or by certified mail, return receipt requested.  *See* TEX. R. CIV. P. 106(a)(2).  Under Federal law, "[a]ny person who is at least 18 years old and ***not a party*** may serve a summons and complaint."  FED. R. CIV. P. 4(c)(2) (emphasis added).  The Texas Rules of Civil Procedure similarly provide that "***no person who is a party*** to or interested in the outcome of a suit may serve any process in that suit."  TEX. R. CIV. P. 103 (emphasis added).  Therefore, under the Federal Rules of Civil Procedure and the Texas Rules of Civil Procedure, a party to a lawsuit is not permitted to serve process for that case, by mail or otherwise.  *See Avdeef*, 616 F. App'x at 672 (citing FED. R. CIV. P. 4(c)(2) and TEX. R. CIV. P. 103).  "There is no exception for *pro se* litigants." *Id*.

In this case, it appears that Plaintiff personally mailed the summons and complaint to Defendant.  Additionally, he represents that he mailed the summons and complaint by "First Class Priority Mail" and there is no record showing to whom the package was delivered.  As a result, Plaintiff has failed to effect proper service of the summons and complaint under Rule 4 of the Federal Rules of Civil Procedure.  The Court denies the Motion for Default Judgment.

At a plaintiff's request, the Court can order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3).  If Plaintiff here is unable to locate a non-party to mail the summons and complaint to Defendant by certified mail, return receipt requested, he may file a motion asking the Court pursuant to Rule 4(c)(3) to have a representative of the United States Marshal Service effect service.  Any such motion must include a statement by Plaintiff, under oath, describing all methods used to locate a non-party to accomplish service through mailing.  It is hereby

**ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 7] is **DENIED**.  It is further

**ORDERED** that the deadline by which Plaintiff must complete service on Defendant in a manner allowed by Rule 4 of the Federal Rules of Civil Procedure is extended to **January 14, 2021**.

SIGNED at Houston, Texas, this 11th day of **December, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE